Jesse Ortiz (CA Bar Assn. No. 176450)
jesse@jesseortizlaw.com
**Jesse Ortiz Law**
917 7th Street
Sacramento, CA 95814
Telephone: (916) 443-9500
Facsimile: (916) 443-9501

Attorneys for Plaintiff
    SALVADOR REYNAGA

Filed
APR 12 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SALVADOR REYNAGA,

    Plaintiff,

vs.

CITY OF SEASIDE POLICE DEPARTMENT, MONTEREY COUNTY DISTRICT ATTORNEY'S OFFICE, VICKI MEYERS, LOUIS LOUIS LUMPKIN, and RYAN MCGIRK,

    Defendants.

Case No. CV13-01674 HRL

COMPLAINT FOR DAMAGES: CIVIL RIGHTS VIOLATIONS - UNLAWFUL SEIZURE, WRONGFUL TERMINATION (42 U.S.C section 1983)

**DEMAND FOR JURY TRIAL**

SALVADOR REYNAGA (hereinafter "Mr. Reynaga" or "Plaintiff") alleges in his Complaint as follows:

**JURISDICTION AND VENUE**

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution, and under the common law of the State of California, against the City of Seaside and City of Seaside Police Department (hereinafter collectively referred to as "Defendants"). Jurisdiction is based upon 28 U.S.C §§ 1331 (federal question) and 1343 (civil rights) and on the pendent jurisdiction of this Court to

1

Complaint for Damages: Civil Rights Violations

entertain claims arising under state law. Venue lies in the Northern District of California, the judicial district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

2. Plaintiff SALVADOR REYNAGA is an individual, and at all times mentioned herein, was a citizen of the United States of America and a resident of the City of Gilroy, California.

3. At times in being subjected to the conducted alleged herein, Mr. Reynaga was an officer in good standing with the City of Seaside Police Department.

4. Defendant MONTEREY COUNTY DISTRICT ATTORNEY'S OFFICE is a municipality or government-operated entity located in the State of California.

5. Defendant CITY OF SEASIDE POLICE DEPARTMENT is a municipality or government-operated entity located in the State of California.

6. Defendant VICKI MEYERS is, and at all times mentioned was an individual with her principal place of residence within the Northern District of California and is being sued in her individual and official capacity as an agent of the City of Seaside Police Department.

7. Defendant LOUIS LUMPKIN is, and at all times mentioned was an individual with his principal place of residence within the Northern District of California and is being sued in his individual and official capacity as an agent of the City of Seaside Police Department.

8. Defendant RYAN MCGIRK is, and at all times mentioned was an individual with her principal place of residence within the Northern District of California and is being sued in his individual and official capacity as agent with the Monterey County District Attorney's Office.

9. Each and every defendant who is a natural person is sued in both his/her individual/personal capacity, as well as in his/her official capacity if he/she had any policymaking duties, functions, or responsibilities with respect to the matters alleged herein.

10. Each and every allegation set forth in each and every averment of this pleading hereby is incorporated by this reference in each and every other averment and allegation of this pleading.

11. All acts and/or omissions perpetuated by each defendant, except any governmental entity defendant, was engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, and with evil motive and/or intent, in disregard of the rights of Plaintiffs.

12. Plaintiff is informed and believes and thereupon alleges, that in perpetrating the foregoing acts, each individual defendant was the agent or employee of each other defendant, was acting within the course and scope of such agency or employment, and was acting under color of state law and municipal authority.

13. Defendant City of Seaside, City of Seaside Police Department and every defendant sued in his/her official capacity knowingly or with deliberate indifference to the rights allegedly violated caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading, and/or improperly, inadequately, with deliberate indifference to the constitutional or other federal rights of

persons, grossly negligently, with reckless disregard to constitutional or other federal rights, failed to properly command, to train, to supervise, to retrain, if necessary, to monitor, or to take corrective action with respect to the City of Yuba City and with respect to the types of wrongful conduct alleged in this pleading, including, but not limited to, the failure to prevent the unlawful deprivation of rights afforded to the Plaintiff under the Constitution and Due Process Clause, intervention to stop the violation of constitutional rights, the disregard of written policies, and the failure to adequately train officers, so that each one of them is legally responsible for all of the injuries and/or damages sustained by Plaintiffs.

14. Plaintiffs have complied with all laws related to the filing of claims against public entities in California to the extent necessary.

## FACTS COMMON TO ALL CAUSES OF ACTION

15. On or about March 5, 2011, an individual made a claim against Mr. Reynaga, an officer with the Seaside Police Department, alleging that he made inappropriate sexual advances toward her.

16. On or aobut March 7, 2011, Mr. Reynaga was arrested and charged with felony violations of the California Penal Code as a result of the allegations. The arrest was made despite any credible basis to do so.

17. Also on March 7, 2011, personnel from the Monterey County District Attorney's Office executed a search warrant at Mr. Reynaga's home located at 742 Creekside Court, Gilroy, CA. Pursuant to the execution of the warrant, items were seized from Mr. Reynaga's residence, including an Apple I-Phone and Glock 40/N MTH 452 with holster.

18. Shortly after his arrest, individuals from the Seaside Police Department and the Monterey County District Attorney's Office addressed the public seeking additional "victims." As a result, five other individuals came forward making the same baseless allegations against Mr. Reynaga. Additional criminal charges were added against Mr. Reynaga.

19. On or about August 15, 2011, the Seaside Police Department, under color of authority, served Mr. Reynaga with a Notice of Intent to Terminate. The notice was based on the foregoing allegations. The Notice also demanded that Mr. Reynaga provide a full and complete statement relative to the allegations made against him.

20. On or about August 24, 2011, Mr. Reynaga, through his counsel, acknowledged receipt of the Notice but advised that since the allegations upon which the Notice was based were the subject of criminal proceedings against Mr. Reynaga, Mr. Reynaga would not be able to respond as same would interfere with Mr. Reynaga's Constitutional and Due Process Rights.

21. On or about August 30, 2011, Mr. Reynaga was provided with a Notice of Termination, despite a failure on Defendants' part to conduct a proper investigation into the accusations lodged against Mr. Reynaga. Moreover, Mr. Reynaga was terminated because he invoked his right to remain silent pursuant to the Fifth Amendment of the United States Constitution, on the advice of counsel.

22. On April 2, 2012, Mr. Reyanga was found not guilty and acquitted of all charges.

23. After his acquittal, Mr. Reynaga has sought and obtained court orders directing the City of Seaside to release Mr. Reynaga's property. The most recent Order from the Monterey County Superior Court, dated November 8, 2012, specifically

orders the subject items being held by the City of Seaside and/or the Monterey County District Attorney's Office be returned to Mr. Reynaga.

24. Mr. Reynaga has been denied, and continues to be denied, the return of his property, in particular, the following items:

GLOCK 40 s/n MTH 452 with holster (Item 3MP)

Apple iPhone (Item 2AS)

## FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS UNDER THE FOURTH AMENDMENT
## 42 U.S.C. SECTION 1983
### (Against All Defendants)

25. Plaintiff repeats and re-alleges herein each of the above allegations set forth in the preceding paragraphs.

26. The violation of Plaintiff's Fourth Amendment rights occurred as a result of the widespread and settled custom, usage, practice and/or policy of defendant City of Seaside. Any governmental entity defendant and any supervisor defendant employed by such government entity are liable to Plaintiff for all wrongs alleged in this Complaint under *Monell v. New York Department of Social Services*, 436 U.S. 658, 98 S.CT.2018 (1978).

27. The conduct of each defendant violated Plaintiff's rights to be secure in his person, house, papers, and effects, against unreasonable searches and seizures and entitles Plaintiffs to recover damages pursuant to 42 U.S.C. Section 1983. Defendants violated Plaintiff's civil rights by their unreasonable seizure and continued withholding of Mr. Reynaga's property.

28. The failure to provide proper training, supervision, instruction and discipline was the cause of the deprivation of Plaintiff's rights under the Fourth Amendment of the United States of Constitution.

29. Moreover, defendant City of Seaside Police Department had actual or constructive knowledge that the employees that are the subject of this Complaint were engaged in conduct that posed a pervasive risk and unreasonable risk of constitutional injury to citizens like Mr. Reynaga.

30. Defendant City of Seaside's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices.

31. As a direct and proximate result of Defendants' actions and the custom, usage, practice, and policies of defendant City of Seaside, Plaintiff suffered damages, including, but not limited to, lost wages, and other compensation; humiliation and embarrassment, all of which is continuing; incurred damage to his reputation; incurred costs and will incur costs. Plaintiff's actual damages will be determined in court.

32. The actions of Defendants Meyers, Lumpkin and McGirk were willful, wanton, malicious, and oppressive as such an award of punitive damages against these defendants is appropriate and should be imposed according to proof at trial.

///
///
///
///
///
///
///

7

Complaint for Damages:   Civil Rights Violations

## SECOND CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS UNDER THE FOURTH AMENDMENT

## 42 U.S.C. SECTION 1983

### (Against All Defendants except Ryan McGirk)

33. Plaintiff repeats and re-alleges herein each of the above allegations set forth in the preceding paragraphs.

34. Based on the above-described actions of Defendants, Mr. Reynaga's termination on or about August 30, 2011 was unlawful and in violation of section 42 U.S.C. section 1983. Specifically, the City of Seaside, Ms. Myers and Mr. Lumpkin, under color of authority, unlawfully stripped Officer Reynaga or his rights and duties as a police officer, without due process. More importantly, said defendants acted under color of authority in their attempts to elicit statements from Mr. Reynaga notwithstanding his decision to invoke his right to remain silent pursuant to the Fifth Amendment. Indeed, it is on that basis primarily that Mr. Reynaga was relieved of his duties as a police officer.

35. As a proximate result of Defendants' conduct, Mr. Reynaga has suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment, and mental anguish, all to his damage in an amount to be determined in court.

36. The actions of Defendants Meyers and Lump were willful, wanton, malicious, and oppressive as such an award of punitive damages against these defendants is appropriate and should be imposed according to proof at trial.

///
///
///
///

## THIRD CAUSE OF ACTION

## CONVERSION

### (Against All Defendants)

37. Plaintiff repeats and re-alleges herein each of the above allegations set forth in the preceding paragraphs.

38. Defendants have converted for their own use certain items that belong to Mr. Reynaga, to wit, an Apple I-Phone and Glock 40 S/N MTH 452.

38. Mr. Reynaga has repeatedly demanded the return of his times and has sought and Order from the Monterey County Superior Court for their return.

39. Notwithstanding Mr. Reynaga's demands and the Order from the Court dated November 8, 2012, the defendants have failed and refused, and continue to fail and refuse to return Mr. Reynaga's items.

40. As a proximate result of the defendants conversion of Mr. Reynaga's property, he has suffered general and special damages in an amount according to proof at trial.

41. The actions of Defendants Meyers, Lumpkin and McGirk were willful, wanton, malicious, and oppressive as such an award of punitive damages against these defendants is appropriate and should be imposed according to proof at trial.

42. On or about February 15, 2013, Mr. Reynaga timely filed a Government Tort Claim with the City of Seaside for the above-mentioned conversion.

## PRAYER

WHEREFORE, Mr. Reynaga prays for judgment against Defendants as follows:

ON ALL CAUSES OF ACTION:

1. For general damages according to proof;
2. For special damages according to proof;

3. For medical expenses according to proof;

4. For pain and suffering;

5. For costs of suit incurred herein;

6. For interest thereon as provided by law;

7. For attorneys' fees; and

8. For such other and further relief as the Court may deem proper;

9. For punitive damages, except against the City of Seaside.

DATED: February 12, 2013

Jesse Ortiz Law

By: _____
Jesse Ortiz
Attorneys for Plaintiff
Salvador Reynaga

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand and request a trial by jury in this matter.

Dated: February 12, 2013

Jesse Ortiz Law

By: _____
Jesse Ortiz
Attorneys for Plaintiff
Salvador Reynaga

Complaint for Damages: Civil Rights Violations