UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SALVADOR REYNAGA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SEASIDE POLICE DEPARTMENT et al.<br><br>　　　　　Defendants. | Case No. C-13-01674-RMW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re Docket No. 8] |

Defendants Monterey County District Attorney's Office and Ryan McGuirk[1] move to dismiss plaintiff Salvador Reynaga's claims for conversion and violation of his civil rights under section 1983. Reynaga's claims are apparently based upon the District Attorney's Office allegedly unlawful refusal to return his Glock 40 gun to him until he completes the required paperwork. For the reasons explained below, the court grants defendants' motion to dismiss.

**I. BACKGROUND**

Reynaga was a police officer in Seaside California. He was arrested on about March 7, 2011, related to sexual advances he made towards an individual while on duty. As part of the investigation, the District Attorney's Office searched his home pursuant to a search warrant and seized his iPhone and Glock 40 gun. After an announcement by the District Attorney's Office and the Seaside Police Department, five more individuals came forward alleging Reynaga made

---

[1] Ryan McGuirk was mistakenly sued as Ryan McGirk and is referred to as McGirk throughout much of the briefing and in the complaint.

ORDER GRANTING MOTION TO DISMISS
Case No. C-13-01674-RMW                                        - 1 -
SW

inappropriate sexual advances. On August 30, 2011, Reynaga's employment with the police department was terminated. On April 2, 2012, Reynaga was found not guilty and acquitted of all charges. On November 8, 2012, the Superior Court of Monterey specifically ordered the District Attorney's Office to return Reynaga's iPhone and Glock. The District Attorney's Office returned his iPhone in late May 2013, but it still has not returned the Glock. The District Attorney's Office claims that it cannot return the Glock to Reynaga until he fills out the form required by Penal Code section 33855,[2] which Reynaga refuses to do.

On May 12, 2013, Reynaga filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983, wrongful termination, and common law conversion. He brought claims against the City of Seaside Police Department, the Monterey County District Attorney's Office, and a number of individuals including Ryan McGuirk, an agent of the District Attorney's Office. The parties stipulated to the dismissal of the police department and the individuals besides McGuirk. *See* Dkt. No. 15. Reynaga also voluntarily withdrew his second cause of action for wrongful termination because it does not state a claim against the remaining defendants. *See* Opp'n 1, Dkt. No. 18. Thus the only remaining claims are Reynaga's first and third causes of action.

The court previously dismissed the remaining defendants because Reynaga failed to file a timely opposition to their motion to dismiss. *See* Dkt. No. 16. However, Reynaga petitioned the court to reopen the case and the court agreed to do so if Reynaga paid defendants $500 to offset their costs. *See* Dkt. No. 18. Reynaga has failed to file the required notice with the court of his payment of the $500, but he appears to have paid it. Thus, the District Attorney's Office and McGuirk's motion to dismiss is properly before this court.

## II. ANALYSIS

The District Attorney's Office and McGuirk move to dismiss Reynaga's claim for conversion and for violation of his civil rights under section 1983.

---

[2] California Penal Code section 33855 requires that "No law enforcement agency or court that has taken custody of any firearm may return the firearm to any individual" unless a number of requirements have been satisfied including that the individual seeking the gun providing notification of a determination of eligibility to possess a firearm pursuant to Penal Code section 33865.

### A. Conversion

The District Attorney's Office and McGuirk move to dismiss Reynaga's conversion claim for failure to first file an administrative claim under California's Government Claims Act. The Government Claims Act governs a claim for money or damages against a public entity. Cal. Gov. Code § 905. The act requires a claimant to file a written claim within six months of accrual and bars suit until the written claim is filed and acted upon or deemed rejected. *See* Cal. Gov. Code §§ 911.2, 945.4; *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (2007). "The filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an element that a plaintiff is required to prove in order to prevail." *Del Real v. City of Riverside*, 95 Cal. App. 4th 761, 767 (2002).

Public entities include "a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State" and thus the Government Claims Act covers claims against the Monterey District Attorney's Office. Cal. Gov. Code § 900.4. Similarly, the Claims Act also covers a claim against a public employee for an act or omission in the scope of his employment. *See* § 950.2.

Here, the complaint only alleges that Reynaga filed a claim with the City of Seaside, which was dismissed from this action. Reynaga admitted in his opposition that he had not filed a claim with Monterey County, although he claimed he would file one before November 17, 2013. Because he has failed to file a claim with Monterey County and wait for its response before brining suit, his claim, to the extent it is against a public entity, is not ripe. *See State v. Superior Court,* 32 Cal. 4th 1234, 1239 (2004) ("failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity").

The complaint does not clearly allege the basis for Reynaga's claim against McGuirk. If Reynaga's claim is for actions outside the scope of McGuirk's employment, then the Government Claims Act might not apply. *See Konig v. State Bar of California,* C 04-2210 MJJ, 2004 WL 2091990, *8 (N.D. Cal. Sept. 16, 2004). Reynaga, however, would need to allege clearly such a claim, if it exists.

1     Accordingly, the court dismisses Reynaga's common law conversion claim against the
2  District Attorney's Office and against McGuirk for any acts or omissions within the scope of his
3  employment with prejudice.  To the extent Reynaga is making any other conversion claim against
4  McGuirk, the court dismisses it for failure to state a claim, but without prejudice.

### B.  Section 1983

The District Attorney's Office and McGuirk move to dismiss Reynaga's section 1983 claim because it is untimely, he does not adequately state a claim, and the District Attorney's Office has immunity under the Eleventh Amendment.

#### 1.  Timeliness

Defendants argue that Reynaga's section 1983 claim is untimely.  In California, section 1983 claims are subject to a two-year statute of limitations.  *See City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 124 (2005) ("§ 1983 claims are governed by the state-law statute of limitations for personal-injury torts" and the limitations period does not "depend[] on the nature of the underlying right being asserted" such that each state applies the same statute of limitations to all § 1983 claims); *The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 701 n.3 (9th Cir. 2009) (two year statute of limitations in California).

Thus to be timely, Reynaga's section 1983 claim must be based upon acts that took place after May 11, 2011.  Defendants argue that his section 1983 claim is untimely because the search and subsequent seizure of items from Reynaga's home took place on March 7, 2011.  Reynaga, in his opposition, however, argues that his section 1983 claim as based on the wrongful seizure of his gun and iPhone that began when the District Attorney's Office refused to return his gun and phone after the superior court ordered the District Attorney's Office to return the items in 2012.  As explained below, the complaint does not clearly allege the basis for Reynaga's section 1983 claim.  To the extent Reynaga bases his claim on the March 7, 2011, search and seizure, the claim is untimely.  To the extent Reynaga bases his claim on the District Attorney's Office's refusal to return the gun after the superior court order its return, the claim is timely.

### 2. Failure to State a Section 1983 Claim

To survive a motion to dismiss, a plaintiff's complaint must make "factual allegations [that are sufficient] to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must ""give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss, a court must take all of the factual allegations in a complaint as true, but the court need not accept as true "[t]hreadbare recitals of the elements of a cause of action," or legal conclusions presented as facts. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

Reynaga's complaint is too vague to survive a motion to dismiss. First, it appears from the complaint that Reynaga bases section 1983 claim on the search and seizure of Reynaga's property on March 7, 2011, although Reynaga claims otherwise in his opposition. *See* Compl. ¶ 27. Opp'n 9. Reynaga must clearly allege the basis of his claim to give the defendants adequate notice of what they are defending against. Second, Reynaga fails to allege adequately the wrongful acts of each defendant. For example, the complaint only describes McGuirk as an agent of the District Attorney's Office and alleges that he engaged in "willful, wanton, malicious, and oppressive" acts, but nothing else. *See* Compl. ¶¶ 8, 32. This is insufficient to put McGuirk on notice of what he allegedly did. The complaint also does not provide a plain statement of what the District Attorney's Office did to be liable under section 1983—most of the allegations seem directed at the dismissed Seaside Police Department. *See* Compl. ¶¶ 29, 30.

Accordingly, the court dismisses Reynaga's section 1983 claim, but with leave to amend.

### 3. Immunity

The District Attorney's Office also argues that it has absolute immunity under the Eleventh Amendment.[3] A state prosecutor is entitled to absolute immunity from liability for violating federal constitutional rights, when he is engaged in activities "intimately associated with the judicial phase of the criminal process." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). A prosecutor is only entitled to qualified immunity when performing investigative or administrative functions. *Id.*

---

[3] The District Attorney's Office appears only to move to dismiss for absolute immunity and does not move based on qualified immunity.

Here, as explained above, the complaint does not clearly specify the basis for Reynaga's section 1983 claim. Nevertheless, to the extent Reynaga's bases his claim on the District Attorney's Office's failure to return Reynaga's gun after his acquittal, absolute immunity would not apply. The District Attorney's Office has not suggested that it is keeping the gun for any purpose related to the judicial phase of the criminal process. Rather, District Attorney's Office appears to be keeping the gun for administrative reasons. Accordingly, the court denies the motion to dismiss for absolute immunity, but without prejudice in the event that Reynaga files an amended complaint with a claim related to the judicial phase of the criminal process.

### III. ORDER

The court grants the District Attorney's Office and McGuirk's motion to dismiss. The court dismisses the conversion claim with prejudice as to the District Attorney's Office and as to McGuirk for any acts within the scope of his employment. The court dismisses the conversion claim without prejudice as to McGuirk for acts outside the scope of his employment. The section 1983 claim is dismissed without prejudice. Reynaga must file any amended complaint by December 23, 2013.

Dated: November 22, 2013

Ronald M. Whyte
United States District Judge

ORDER GRANTING MOTION TO DISMISS
Case No. C-13-01674-RMW
SW
- 6 -