UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SALVADOR REYNAGA<br><br>    Plaintiff,<br><br>v.<br><br>MONTEREY COUNTY DISTRICT ATTORNEY'S OFFICE, and RYAN MCGIRK<br><br>    Defendants. | Case No. C-13-01674-RMW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re Docket No. 24] |

Defendants Monterey County District Attorney's Office and Ryan McGuirk[1] move to dismiss plaintiff Salvador Reynaga's First Amended Complaint (FAC). The FAC alleges that the defendants' refusal to return plaintiff's gun to him until he completes a required background check is a violation of his Fourth Amendment rights. For the reason explained below, the court grants defendants' motion to dismiss without prejudice to seeking relief in state court.

## I. BACKGROUND

Reynaga was a police officer in Seaside, California. He was arrested on or about March 7, 2011, for sexual advances he allegedly made toward an individual while on duty. As part of the

---

[1] Ryan McGuirk was mistakenly sued as Ryan McGirk and is referred to as McGirk throughout much of the briefing and in the complaint.

investigation, personnel from the District Attorney's Office searched plaintiff's home pursuant to a search warrant and seized his iPhone and Glock 40 gun.

After Reynaga was acquitted in November 2012 of the various sexual assault charges, the Monterey County Superior Court ordered the District Attorney's Office to return Reynaga's iPhone and Glock. *See* Dkt. No. 24-2, Ex. A2 at 5 (Hearing Tr.). The Superior Court also opined that it did not see a misdemeanor as prohibiting Reynaga from owning a gun. *Id*. The court did not explicitly discuss the applicability of California Penal Code §§ 33850 *et seq*., and whether a background check would be necessary before the firearm was returned to Reynaga. *Id*.

After the court's order, Reynaga attempted to retrieve his property from the District Attorney's Office. After some delay, the iPhone was returned. Supervising District Attorney Investigator Ryan McGuirk, however, advised Reynaga that the Glock would not be returned until he submitted a form pursuant to California Penal Code §§ 33850 *et seq.* showing proof of eligibility from the California Department of Justice (Cal DOJ).

California Penal Code §§ 33850 *et seq.* outline the procedures for the return of a firearm in the custody of a court or law enforcement agency. A claimant seeking the return of a firearm from a court or law enforcement agency must submit an application to Cal DOJ that includes identifying information about the claimant and descriptive information (make, model, serial number, etc.) about the firearm. Cal. Penal Code § 33850. Cal DOJ then performs a background check to be sure the claimant is eligible to receive the firearm. *Id.* § 33865 (a). If the claimant is eligible, then the applicant is given a written notification to present to the agency for the return of the firearm. *Id.* § 33865(c)(3). Section 33855 allows a law enforcement agency or court that has taken custody of any firearm to return a firearm *only* on one of two conditions:

> a. The individual presents to the agency or court notification of a determination by the department pursuant to Section 33865 that the person is eligible to possess firearms.
>
> b. If the agency or court has direct access to the Automated Firearms System, the agency or court has verified that the firearm is not listed as stolen pursuant to Section 11108, and that the firearm has been recorded in the Automated Firearms System in the name of the individual who seeks its return. . . .

ORDER GRANTING MOTION TO DISMISS
Case No. C-13-CV-01674-RMW
MA
- 2 -

Because Reynaga believes the District Attorney's Office is illegally refusing to return his gun, he filed a complaint under 42 U.S.C. § 1983 in this court alleging, among other things, that retention of his gun violates his Fourth Amendment rights.

## II.  ANALYSIS

The only remaining claim in this case is Reynaga's § 1983 claim. The District Attorney's Office and McGuirk move to dismiss it. Defendants' position is that California Penal Code § 33850 requires a background check prior to returning the Glock. Reynaga has not alleged that § 33850 is unconstitutional, and defendants maintain that requiring compliance with the statute cannot be a violation of Reynaga's civil rights. *See* Dkt No. 24. Reynaga contends that issue preclusion prohibits the defendants from requiring a background check because the Monterey County Superior Court already ordered the return of the gun. Reynaga also contends that forcing him to complete the background check is an unreasonable seizure under the Fourth Amendment.

### A.  Retention of Glock Did Not Constitute a Seizure

Reynaga asserts that requiring a background check is a violation of his Fourth Amendment rights. The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures. Reynaga does not contest the lawfulness of the original seizure of his Glock on March 7, 2011. However, he claims that the District Attorney's Office by continuing to withhold his Glock after the Superior Court ordered it returned constitutes a seizure in violation of his Fourth Amendment rights.  However, "the Fourth Amendment protects an individual's interest in retaining possession of property but not the interest in regaining possession of property." *See Fox v. Van Oosterum,* 176 F.3d 342, 350 (6th Cir. 1999). Here, the initial seizure was lawful and the plaintiff does not contest the seizure of items taken from his home on March 7, 2011. *See* Dkt No. 23. The refusal to return the Glock neither brought about an additional seizure nor changed the character of the March 2011 seizure from a reasonable one to an unreasonable one because the seizure was already complete when the defendants refused to return the Glock. Therefore, Reynaga's civil rights claim based upon a Fourth Amendment violation fails.

### B.  Post Seizure Deprivation Does Not Constitute a Due Process Violation

ORDER GRANTING MOTION TO DISMISS
Case No. C-13-CV-01674-RMW
MA

- 3 -

Reynaga specifically acknowledges that he is not making a due process claim. However, even if he were, available state remedies generally satisfy the post-deprivation process requirement of the Due Process Clause. *See Fox*, 176 F.3d at 349. Reynaga has a state remedy for the return of the gun. He can simply ask the court which entered the order to return the Glock to clarify whether it intended for him to fill out an application pursuant to California Penal Code §§ 33850 *et seq.* as a requisite to the return. The question of whether an application for return is required arises out of a state court proceeding and comity requires that the federal court not interfere.

### C. Issue Preclusion is not involved

Issue preclusion bars the relitigation of issues actually argued and decided in prior proceedings. Under California law, the party asserting preclusion bears the burden of proof. In order for issue preclusion to apply, the current issue must be an identical issue, actually litigated and necessarily decided in the former proceeding. *See Lucido v. Superior Ct.*, 51 Cal. 3d 335, 340-43 (1990).

Plaintiff contends the issue of whether a background check is required before returning the gun was actually litigated in "opposing Mr. Reynaga's motion for the return of his Glock" and was necessarily decided by the state court. *See* Dkt No. 25 at 9. Defendants argue that the applicability of California Penal Code §§ 33850 e*t seq.,* and whether a background check is required prior to the weapon's return was never litigated or considered by the Superior Court.

"When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated." *Barker v. Hull*, 191 Cal. App. 3d 221, 226 (1987). Determining whether an issue has been actually litigated in the former proceeding can be difficult where the former judgment or order does not show on its face that the particular issue was decided. 7 Witkin, Cal. Procedure 917 (4th ed. 1997).

Here, on its face, the findings and order provided by the Monterey County Superior Court reflect that the court ordered the Glock be returned. *See* Dkt. No. 24-4. However, neither the transcript nor the order itself specifically address the applicability of California Penal Code §§ 33850 e*t seq.,* and whether a background check is a precondition to the weapon's return. While Reynaga asserts that the Superior Court rejected the defendants' argument that a background check

was required, the transcript is not clear that the Superior Court judge intended for the gun to be returned without compliance with §§ 33850 e*t seq.*, overlooked the requirements, or knowingly decided compliance was not necessary. It is impossible to tell from the transcript whether the "actually litigated" requirement for issue preclusion has been satisfied. *See Barker v. Hull*, 191 Cal.App.3d 221, 226 (1987). Accordingly, the prior proceeding ordering the return of the Glock does not preclude the defendants from requiring Reynaga to comply with the statutorily mandated background check procedures before returning the gun.

The plain language of the statute requires the District Attorney's Office to follow the background check procedures outlined by the legislature. The legislature established this section of the penal code to ensure that law enforcement agencies and courts in possession of firearms follow a consistent procedure for returning firearms so that firearms can be recorded and accounted for. Cal. Assem. Bill History, 2003-2004 A.B. 2431. Nothing in the court order or transcript suggests that the Superior Court was implicitly circumventing these requirements. In fact, unless the court had "direct access to the Automated Firearms Systems . . . [and] verified that the firearm is not listed as a stolen . . . and that the firearm [had] been recorded in the Automated Firearms Systems in the name of the individual who seeks its return," it was unauthorized to release the firearm without express permission from the Cal DOJ. Cal. Penal Code § 33855(b). The District Attorney's Office has an obligation to follow the procedures outlined by the California Penal Code, and cannot return the gun until Reynaga completes the background check requirement.

Reynaga relies on *Razzano v. County of Nassau.* 765 F. Supp. 2d 176 (E.D.N.Y. 2011). In *Razzano,* plaintiff, a gun owner, brought a § 1983 claim against the county, county police commissioner, and county police officers. *Id*. Razzano alleged that defendants violated his due process rights by failing to provide him with adequate opportunity to recover longarm rifles and shotguns that defendants confiscated from his residence. *Id.* at 184. The court also recognized that plaintiff had claim under the Fourth Amendment because the initial seizure of his firearms was unreasonable. *Id*. at 182. *Razzano* is distinguishable from Reynaga's case for two reasons. First, the initial seizure of Razzano's firearms was unlawful because the police did not have probable cause for an arrest and even admitted they were not arresting him for any crime. *Id.* at 184. Here, the

initial seizure was lawful and plaintiff does not contest the initial seizure. *See* Dkt No. 23. Second, while Razzano also had his firearms withheld, Razzano's case differs because Nassau County had no procedure for recovering seized longarms. Here, unlike *Razzano*, Reynaga has been provided a process for recovering his Glock in accordance with state law.

### D. Defendant Ryan McGuirk Is Entitled to Qualified Immunity

Defendant Ryan McGuirk moves to dismiss Reynaga's claim under § 1983 because he does not adequately state a claim and McGuirk is entitled to qualified immunity.

The "doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation, citation omitted). In *Saucier v. Katz,* the Supreme Court outlined a two-step process for resolving government officials qualified immunity claims. 533 U.S. 194, 121 (2001). First, a court must decide whether the facts that a plaintiff has alleged make out a violation of a constitutional right. *Id.* at 201. Second, if the plaintiff has satisfied this first step, the court must decide whether the conduct violates clearly established statutory or constitutional rights of which reasonable officer would have known. *Pearson v. Callahan,* 555 U.S. 223, 232, (2009).

As discussed above, the District Attorney's Office withholding Reynaga's Glock until he provides proof of eligibility from Cal DOJ does not amount to a violation of his constitutional rights. Regardless, defendant McGuirk is entitled to qualified immunity because he was acting in his official capacity and a reasonable officer in McGuirk's position would believe requiring a background check as required by state law and procedure is constitutional.

### III. ORDER

Defendants' motion to dismiss is granted without prejudice to seeking relief in state court.

Dated: March 7, 2014

Ronald M. Whyte
United States District Judge

ORDER GRANTING MOTION TO DISMISS
Case No. C-13-CV-01674-RMW
MA
- 6 -